# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | 3:13-CR-0102 |
| ZACKARAE LOWE, | : | (JUDGE MANNION) |
| Defendant | : | |

## M E M O R A N D U M

Pending before the court is the defendant's *pro se* motion for modification of sentence pursuant 18 U.S.C. §3582(c)(2) seeking to reduce his 151-month sentence based on Amendment 782 to the United States Sentencing Commission Guidelines (the "Guidelines"), which reduced the offense levels under the Guidelines by two levels for most drug quantities. (Doc. 402). Upon the court's review of the record in this case, the defendant's motion, as well as the Government's response, (Doc. 410), the defendant's motion to reduce his sentence is **DENIED**. Also pending is the defendant's motion for return of seized property. (Doc. 398). Based on the Government's response, (Doc. 404), defendant's motion for return of seized property is **DENIED**.

## I. BACKGROUND[1]

On October 28, 2013, the Zacharae Lowe (the "defendant"), pled guilty,

---

[1] Since the complete factual background of this case is stated in the Third Circuit's August 19, 2015 opinion, (Doc. 378-1, at 2-7), affirming the defendant's judgment of sentence, it shall not be fully repeated herein.

pursuant to a plea agreement, to one count of conspiracy to distribute and possess with intent to distribute more than 100 grams of heroin in violation of 21 U.S.C. §841(a)(1) and 21 U.S.C. §846. (Doc. 221).

A Presentence Report ("PSR") was prepared and it found that the defendant qualified as a career offender pursuant to U.S.S.G. §4B1.1 due to his prior felony convictions. Consequently, the defendant's offense level was determined to be 34 and his criminal history category was VI. The defendant received a three-level reduction for acceptance of responsibility under U.S.S.G. §3E.1.1(a) and (b), his Guidelines range was 188 to 235 months' imprisonment. Thus, he was exposed to a 19 ½-year maximum imprisonment term and no mandatory minimum term. Also, the PSR indicated that if the defendant had not qualified as a career offender, his offense level would have been 25, his criminal history category IV, and his Guidelines range 84 to 105 months.

The defendant had his sentencing hearing on June 24, 2014. (Doc. 348). The court granted the Government's request for a two-level downward variance under 18 U.S.C. §3553(a)(6) and the defendant's offense level was adjusted to 29 with a Guidelines range of 151 to 188 months. The defendant was then sentenced to 151 months in prison. (Doc. 349). He filed an appeal regarding his sentence. (Doc. 351). On August 19, 2015, Third Circuit affirmed the defendant's judgment of sentence. (Doc. 376).

On July 5, 2017, the defendant filed his motion for return of seized property and a brief in support. (Doc. 398, Doc. 399). The Government

responded to the motion on July 24, 2017. (Doc. 404).

On July 19, 2017, the defendant filed a motion pursuant to 18 U.S.C. §3582(c)(2) to reduce his sentence pursuant to Amendment 782 to the Sentencing Guidelines. After the Federal Public Defender was appointed to represent the defendant, the Public Defender filed a motion to withdraw on August 18, 2017 since the defendant was deemed to be a career offender at the time of his sentencing. On August 30, 2017, the court granted the Public Defender's motion. The defendant is now proceeding *pro se*. The Government was granted permission to file its brief in opposition *nunc pro tunc* and it was filed on October 12, 2017. (Doc. 410).

## II. DISCUSSION

"Amendment 782, which went into effect on November 1, 2015 and has been applied retroactively, generated a two-level reduction for all base offense levels found in the drug quantity tables in Sections 2D1.1 and 2D1.11 of the Guidelines." U.S. v. Fitzpatrick, 2015 WL 6737027, *1 (D.N.J. Nov. 3, 2015); U.S. v. Rush, — Fed.Appx. —, 2016 WL 1128404 (3d Cir. March 23, 2016).

In U.S. v. Gibbs, — Fed.Appx. —, 2016 WL 1594636, *2 (3d Cir. April 21, 2016), the Third Circuit stated:

> Generally, a district court cannot "modify a term of imprisonment once it has been imposed" unless a defendant is eligible for a reduction of sentence pursuant to §3582(c). Section 3582(c)(2) allows for a reduction if: (1) the sentence was "based on a sentencing range that has subsequently been lowered by the

3

Sentencing Commission;" and (2) "a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. §3582(c)(2); United States v. Flemming, 723 F.3d 407, 410 (3d Cir. 2013). A reduction in sentence is not consistent with the relevant policy statement unless the amendment has "the effect of lowering the defendant's applicable guideline range." U.S.S.G. §1B1.10(a)(2)(B). The Guidelines also provide specific instructions for a court when determining whether a sentence reduction is warranted. §1B1.10(b)(1). Section 1B1.10(b)(1) instructs that "the court shall determine the amended guideline range that would have been applicable to the defendant if the amendment[ ] ... had been in effect at the time the defendant was sentenced[,] ... substituting only the amendment [ ] ... for the corresponding guideline provision[ ] that [was] applied" but "leav[ing] all other guideline application decisions unaffected." Id.; *see also* Lindsey, 556 F.3d at 243.

*See also* U.S. v. Rush, 2016 WL 1128404, *2.

In this case, if the two-level reduction under Amendment 782 is applied, the defendant's base offense level would be reduced to 27 and his Guidelines imprisonment range regarding his convicted drug offense would be reduced from the range found at his sentencing of 151 to 188 months. However, the court will deny the defendant's instant motion since it concurs with the Government that he does not qualify for a sentence reduction because of his career offender status.

The defendant does not satisfy the second above stated requirement under §3582(c)(2) because a reduction is not consistent with the applicable policy statement. "Amendment 782 did not alter the Guidelines range for career offenders." Untied States v. Davis, —Fed.Appx.—, 2017 WL 2493107, *2 (3d Cir. June 9, 2017) (citing United States v. Thompson, 825 F.3d 198,

4

202 (3d Cir. 2016)). At his sentencing, this court found that the defendant was a career offender. Subsequently, the Third Circuit affirmed the defendant's judgment of sentence which was based on his career-offender classification. "Consequently, [Lowe's] 'applicable guideline range' is that of a career offender and is not affected by Amendment 782." Id. Therefore, defendant Lowe is not eligible for a reduction of sentence pursuant to §3582(c)(2). Id.

Finally, in his motion for return of seized property, (Doc. 398), the defendant requests the court to order the DEA to return two items of his personal property which were seized when he was arrested, namely, his Samsung Galaxy S3 Smart Phone, and his black leather wallet. In its response, the Government represents that the DEA did not seize Lowe's items of personal property, rather, "the Pennsylvania State Police is the agency that seized the items from Mr. Lowe." (Doc. 404). The Government also advised Lowe how he could request the return of his property from the PSP. Since the DEA neither seized and nor possesses Lowe's property, the court will deny his motion for return of seized property.

### III. CONCLUSION

Accordingly, defendant Lowe's motion for modification of sentence pursuant 18 U.S.C. §3582(c)(2), based on Amendment 782 to the Guidelines, (Doc. 402), is **DENIED**. Defendant Lowe's 151-month sentence shall remain in effect. Defendant Lowe's motion for return of seized property, (Doc. 398),

5

is **DENIED**. An appropriate order will follow.

                        s/ *Malachy E. Mannion*
                        **MALACHY E. MANNION**
                        **United States District Judge**

**Date: October 30, 2017**

O:\Mannion\shared\MEMORANDA - DJ\CRIMINAL MEMORANDA\2013 CRIMINAL MEMORANDA\13-102-01.wpd